UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THOMAS GOODNIGHT, )
)
          Plaintiff, )
)
    vs. ) Case No. 1:13-cv-00085-WTL-TAB
)
DEPUTY ARRON ROBINSON, )
)
          Defendant. )

**Entry Granting Defendant's Motion for Summary Judgment
And Directing Entry of Final Judgment**

Plaintiff Thomas Goodnight filed this civil action against defendant Deputy Robinson alleging the violation of his constitutional rights. Specifically, Goodnight alleges that Deputy Robinson is liable for his role in securing a warrant for Goodnight's arrest. Deputy Robinson denies Goodnight's claims and seeks resolution of this action through summary judgment. For the reasons explained below, the defendant's motion for summary judgment [dkt. 34] is **granted** and the plaintiff's request to dismiss the defendant's motion for summary judgment [dkt. 38] is **denied.**

**I. Goodnight's Motion to Dismiss**

Goodnight seeks the dismissal of Deputy Robinson's motion for summary judgment because it is "nonfactual, untruthful[], and filed in an untimely manner." Dkt. 38 at p. 2. Goodnight states that he believes the evidence proves that Deputy Robinson's motion for summary judgment is untruthful. See Dkt. 39. For the reasons explained below, Goodnight is not entitled to relief on this basis.

1

First, opposing parties in a lawsuit often have differing views of the facts and the provisions of Rule 56 of the Federal Rules of Civil Procedure give each party the opportunity to support its version of the facts with admissible evidence. A motion for summary judgment will not be dismissed based on the fact that there is a disagreement between the parties regarding the accuracy of certain facts.

Next, Goodnight points out that Deputy Robinson filed his motion for summary judgment on January 21, 2014, even though the Order of January 9, 2014, gave him only through January 20, 2014, to file his dispositive motion. However, January 20, 2014, was a legal holiday (Martin Luther King Jr.'s Birthday). See Fed. R. Civ. P. 6(a)(6). Thus, Deputy Robinson's time to file the motion for summary judgment was automatically extended until the next day. Fed. R. Civ. P. 6(a)(1)(C).

For these reasons, Goodnight's motion to dismiss [dkt. 38] Deputy Robinson's motion for summary judgment is **denied**.

## II.  Deputy Robinson's Motion for Summary Judgment

### A.    Summary Judgment Standard

The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

In this case, the defendant has met his burden. Goodnight did not support his response to the motion for summary with any citations to admissible evidence. By not properly responding to the motion for summary judgment, Goodnight has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This is the result of Local Rule 56-1(f), of which Goodnight was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Factual Background

The following facts, taken in the light most favorable to the non-movant, are undisputed.

On August 21, 1997, Goodnight was convicted by a jury on three counts of sexual misconduct with a minor. Goodnight was sentenced to fourteen concurrent years, with ten years suspended, and 1,095 days on probation. Goodnight was released from Indiana Department of Correction custody on July 1, 1998; however, he remained on probation.

Following his 1998 release, Goodnight twice violated the terms of his probation. As a result of the first violation Goodnight was sentenced to ninety days in jail. The second violation resulted in the termination of Goodnight's probation and an executed sentence of 545 days to be served in the Marion County jail. Goodnight was ultimately released on January 1, 2001.

Under the sex registry statutes in effect at that time, Goodnight was required to register with the State of Indiana for ten (10) years after his release from the Marion County Jail. Ind. Code §§ 11-8-8-7; 11-8-8-19 (effective July 1, 2007, to June 30, 2008) (providing for 10 year registration requirement).

As part of his duties as a Marion County Sheriff's Deputy, Deputy Robinson was to review documents to ensure sex offenders who live in Marion County complied with the sex registry requirements.[1] On August 15, 2007, while reviewing such documents, Deputy Robinson discovered that Goodnight had not complied with the registration requirements and had not registered as a sex offender in Marion County since January 1, 2001.[2]

On August 27, 2007, Deputy Robinson drafted an affidavit of probable cause for Goodnight's arrest, which he presented to the Marion County Prosecutor's Office. That same day, the Marion County Prosecutor's Office filed charges against Goodnight for failure to register as a sex offender, a Class D Felony under Indiana Code section 11-8-8-17. The Marion County courts then issued an arrest warrant for Goodnight.

On December 15, 2008, Goodnight was arrested in Florida.[3]

On June 9, 2009, Deputy Robinson's employment ended with the Marion County Sheriff's Department.

On December 15, 2009, the Marion County Sheriff's Department was notified by the Volusia County Sheriff's Department that Goodnight had registered and was compliant with the Florida Sex Registry. That same day, Sgt. Robert Hanna of the Marion County Sheriff Department informed the Deputy Prosecutor that Goodnight was compliant in Florida and the warrant could be recalled.

On May 12, 2011, the Marion County Prosecutor's Office dismissed the charges against Goodnight for failure to register.

---

[1] Goodnight argues that he did not live in Marion County at the time.
[2] Goodnight argues without citation to admissible evidence that he was not required to register as a sex offender after July 1, 2008.
[3] Goodnight states without citation to admissible evidence that he sat for three days in Volusia County Jail.

C. **Discussion**

Deputy Robinson argues that he is entitled to judgment as a matter of law because (1) the claims alleged against him are barred by the applicable statute of limitations, and (2) he is entitled to qualified immunity. For the reasons explained below, Goodnight's claims against Deputy Robinson are barred by the statute of limitations. Given this finding, Deputy Robinson's additional grounds for summary judgment in his favor are not further discussed.

Goodnight's claims are necessarily brought pursuant to 42 U.S.C. § 1983. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989). Indiana allows two years. Ind.Code § 34–11–2–4; *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

"For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. . . . To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan v. Wilkins*, 644 F.3d 577, 581-82 (7th Cir. 2011) (*citing Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)). Goodnight alleges his injury occurred on December 15, 2008, when he was arrested in Florida and held for three days as a result of the active warrant in Indiana. At that time, Goodnight knew or should have known that his constitutional rights were violated.[4] Thus, Goodnight's claim against Deputy Robinson accrued on December 15, 2008, and any claim arising from that incident would have to have been asserted by December 15, 2010.

---

[4] Deputy Robinson argues in his motion for summary judgment that he is not responsible for violating any of Goodnight's constitutional rights. For the purposes of the statute of limitations argument, however, it is assumed that there was a constitutional violation.

It is possible, however, that Goodnight's claim could be understood to allege an ongoing violation or injury based on the fact that the charges against Goodnight for failure to register were not dismissed until May 12, 2011. When injury is ongoing, a claim under § 1983 against any particular person accrues immediately when that person loses the ability "to do something about [the plaintiff's] condition." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). On June 9, 2009, Deputy Robinson's employment ended with the Marion County Sheriff's Department. Thus, any claim against Deputy Robinson accrued on that date. *See Heard v. Elyea*, 2013 WL 2422676, *1 (7th Cir. 2013) (stating that "when a person resigns or retires from his public employment, the claim accrues on that date") (citing *Sheahan*, 253 F.3d at 318). In other words, Goodnight had two years from the date Deputy Robinson departed from the Sheriff's Department to pursue any legal claims he had against Deputy Robinson. Thus, any claims should have been filed by no later than June 9, 2011. But this action was not filed until January 14, 2013. Accordingly the claims alleged against Deputy Robinson are barred by the statute of limitations.

Goodnight's complaint is untimely, and summary judgment in favor of Deputy Robinson is appropriate.

### III. Conclusion

Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *Railroad Tel. v. Railway Express Agency,* 321 U.S. 342, 349 (1944)). The summary judgment record shows that Goodnight failed to file a timely

claim against Deputy Robinson. Accordingly, Deputy Robinson's motion for summary judgment [dkt. 34] is **granted.** Goodnight's motion to dismiss Deputy Robinson's motion for summary judgment [dkt. 38] is **denied.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/23/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

THOMAS GOODNIGHT
390 Rs. C.R. 4254
Point, TX 75472

All Electronically Registered Counsel